**FILED**
**Nov 10, 2022**
**02:28 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Mina Shalabi,** | ) | **Docket No. 2021-06-1493** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Amazon.com Services, LLC,** | ) | **State File No. 72776-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **American Zurich Ins. Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

Mina Shalabi requested temporary disability benefits and additional treatment for injuries to his foot and ankle suffered while working for Amazon.com Services, LLC. The Court held an expedited hearing on November 3, 2022. For the reasons below, the Court concludes Mr. Shalabi is entitled to two days of past temporary disability benefits, but he is not likely to prevail at a hearing on the merits regarding additional treatment.

### Claim History

A coworker pushing a cart hit Mr. Shalabi's left heel on September 14, 2021. Amazon offered no evidence to suggest that the incident did not happen as Mr. Shalabi described. Instead, it initially accepted the claim and offered a panel of physicians. Mr. Shalabi chose Dr. Harold Nevels, whom he saw three times.

At the first two visits, Dr. Nevels assessed a heel contusion and recommended over-the-counter medications, ice and modified duty. He declined to order x-rays for a "[s]imple bruise of heel." At the third and final visit on September 24, Dr. Nevels ordered x-rays, which were "negative." He found that Mr. Shalabi was "at functional goal, not at end of healing," placed him at maximum medical improvement, and released him to work full-duty.

1

As to causation, at the second and third visits, Dr. Nevels noted he was "here today for a recheck workers [sic] comp injury." Mr. Shalabi testified, without objection, that Dr. Nevels said the injury was work-related.

Amazon then agreed to allow Mr. Shalabi to obtain a second opinion from orthopedist Dr. Lucas Ritchie. On October 5, Dr. Ritchie examined the foot and read the x-rays, which showed only chronic changes. He wrote:

> I cannot state with medical certainty that greater than 50% *of his current symptoms* are a direct result of an injury that has occurred while he was at work[.] . . . [H]e has global tenderness that cannot be fully attributed to a direct impact on his achilles. [T]here is no one true definable pathology and pain is out of proportion to what I would expect from a direct injury weeks ago. [W]ith a direct injury I would expect more focal pain at the impact site with some possible bruising[,] swelling or more specific examination findings.

(Emphasis added). Dr. Ritchie returned Mr. Shalabi to work with restrictions, "but causation not established." He referred Mr. Shalabi to a foot specialist but also wrote that the workers' compensation carrier was unlikely to cover it.

A few days later, Amazon denied the claim because "MD indicated that this was a non-work related injury."

Mr. Shalabi testified that his heel is still painful. He has seen his private physician, who prescribed a nonsteroidal anti-inflammatory. Mr. Shalabi did not introduce records from the visit, however.

As for Mr. Shalabi's earnings while treating with Dr. Nevels, Amazon was unable to accommodate his restrictions. Amazon offered a declaration from Ben Woods, its workers' compensation manager, to document the times Mr. Shalabi worked after the injury.

Mr. Woods's declaration and attachments record that on September 15 and 16—the first two days after his accident—Mr. Shalabi worked full shifts of approximately ten hours. Mr. Shalabi was on an approved leave of absence from September 17-28, although neither party introduced evidence of how much, if anything, he was compensated during that time.

Mr. Shalabi generally agreed with the declaration's accuracy. He testified, without objection, that he had been told not to return to work until September 28. He offered an email from Amazon, which states, "I have processed your return to work to begin 09/28/21."

Mr. Shalabi requested additional treatment with a foot specialist and past temporary disability benefits, although he did not specify a requested amount or for which days he believes he is owed compensation. Amazon countered that, after the second medical opinion, it properly denied the claim, so it has provided all the benefits to which he is entitled.

**Findings of Fact and Conclusions of Law**

At an expedited hearing, Mr. Shalabi must show that he will likely prevail in proving his entitlement to benefits at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2022); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Temporary Partial Disability*

Turning first to temporary disability benefits, "[w]here the treating physician has released the injured worker to return to work with restrictions before reaching maximum recovery, and the employer cannot return the employee to work within the restrictions, the injured worker may be eligible for temporary partial disability." *Woodard v. Freeman Expositions, LLC,* 2021 TN Wrk. Comp. App. Bd. LEXIS 21, at *8 (July 16, 2021). Amazon did not dispute that Dr. Nevels placed restrictions, which it was unable to accommodate.

However, the Workers' Compensation Law also states: "No compensation shall be allowed for the first seven (7) days of disability resulting from the injury, excluding the day of injury, except [medical benefits], but if disability extends beyond that period, compensation shall commence with the eighth day after the injury." Tenn. Code Ann. § 50-6-205(a).

Here, Dr. Nevels placed restrictions on September 16 for Mr. Shalabi's injury on September 14, which day (September 14) is excluded from the computation. He worked a full shift on September 15. So, benefits began on September 16, and the benefit period ran until September 24, when Dr. Nevels assigned maximum medical improvement. This period is nine days, including September 24. The statute says that no compensation is owed for the first seven days. But, if the disability extends beyond the first seven days, excluding the date of injury, compensation shall commence with the eighth day. Therefore, Mr. Shalabi is owed benefits for days eight and nine. At his daily compensation rate of $73.65, he is owed $147.30.[1]

---

[1] Amazon rigorously cross-examined Mr. Shalabi regarding his earnings during the relevant timeframe from another employer. However, Amazon offered no specific proof on this issue and ultimately did not request credit for these other earnings. It likewise did not seek credit for sums Mr. Shalabi received from the short-term disability carrier, if any.

*Medical Benefits*

Next, the Court considers Mr. Shalabi's entitlement to additional treatment. The question is whether he satisfied his burden to show that his *current condition* qualifies as an "injury" as defined in the Workers' Compensation Law. Specifically, an "injury" must arise "primarily out of employment," meaning that it must be shown "to a reasonable degree of medical certainty that the injury contributed more than fifty percent" in causing the need for medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(12)(C).

Applying that definition, Mr. Shalabi correctly argued that Dr. Nevels believed his injury was work-related. However, Dr. Ritchie, a specialist, later reached a contrary conclusion, noting, "I cannot state with medical certainty that greater than 50% *of his current symptoms* are a direct result of an injury that has occurred while he was at work[.]" (Emphasis added). Dr. Ritchie found Mr. Shalabi's condition three weeks after the incident to be non-work-related, using terminology that closely mirrors the statute. Dr. Ritchie also found chronic changes that he could not attribute to the acute incident, and he said that Mr. Shalabi's pain was "out of proportion to what [he] would expect from a direct injury weeks ago."

Mr. Shalabi did not offer another medical opinion to contradict Dr. Ritchie's. He merely introduced a prescription from his personal physician, which may or may not have been written for a work-related condition. Moreover, the Court is unpersuaded by Mr. Shalabi's contention that Dr. Ritchie referred him to a foot specialist, because that referral might have been for a non-work-related condition.

In sum, on this record, Mr. Shalabi has not shown entitlement to additional medical treatment at this time.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. Amazon shall pay Mr. Shalabi past temporary disability benefits totaling $147.30.

2. Mr. Shalabi's request for additional treatment is denied.

3. The Court sets a status hearing on **January 17, 2023, at 9:00 a.m. Central Time.** You must call 615-532-9552 or 866-943-0025 to participate.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the

seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED November 10, 2022.**

_Kenneth M. Switzer_

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**Appendix**

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice and Employer's Additional Information
3. Order Setting Status Hearing
4. Order Resetting Status Hearing
5. Hearing Request
6. Employer's Response to Employee's Request for Expedited Benefits
7. Employer's Witness List

Evidence:
1. Declaration of Mr. Shalabi
2. Employer's Exhibits
   2a. Employee's excerpt from Dr. Ritchie
   2b. Medical records: Dr. Nevel, 9/16/21-9/24/21; Dr. Ritchie's records, 10/5/21
   2c. Choice of Physician
   2d. Wage statement
   2e. Notice of Denial
   2f. Declaration of Ben Woods
3. Mobic prescription
4. September 27, 2021 email from Amazon to Mr. Shalabi
5. October 4, 2021 letter from Amazon to Mr. Shalabi: Disability & Leave Services
6. September 22, 2021 email from Amazon to Mr. Shalabi

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on November 10, 2022.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Mina Shalabi, employee | X | X | X | 276 White Bridge Pike #75 Nashville TN  37209 Anim2000_2000@yahoo.com |
| Terri Bernal, Stephen Morton, employer's attorneys | | | X | Terri.Bernal@mgclaw.com Stephen.Morton@mgclaw.com Amber.Dennis@mgclaw.com |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*